No. 23-2138

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

SANDRA HARMON, Appellant,
v.
DEPARTMENT OF FINANCE OF SUSSEX COUNTY, ET AL, Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

**PRO BONO COUNSEL'S MOTION FOR LEAVE TO WITHDRAW**

_____

Benjamin R. Barnett
Michael A. Fazio
*Pro Bono* Counsel
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

## BACKGROUND

On June 22, 2023, Ms. Sandra Harmon appealed the District Court's May 24, 2023 opinion granting in part and denying in part Defendants' motion to dismiss. Doc. 1. She subsequently requested that the Third Circuit appoint counsel to represent her. Doc. 15. On September 21, 2023, the Third Circuit appointed Benjamin R. Barnett and Michael A. Fazio to act as her counsel on a *pro bono* basis. Doc. 21. Appointed counsel intended to represent Ms. Harmon in her interlocutory appeal with a 3L student from the University of Pennsylvania Carey Law School as part of the long-standing Federal Appellate Litigation Externship program supported by their law firm Dechert LLP. Prior to their appointment, *pro bono* counsel was not involved in any way in this long-running legal dispute before the Third Circuit, the District Court of Delaware, or Delaware Superior Court involving allegations of due process and constitutional violations in connection with a 2018 sheriff's sale of Ms. Harmon's real property in Rehoboth Beach, Delaware.

Regrettably, undersigned *pro bono* counsel now requests leave to withdraw. On the evening of Saturday, October 21, Ms. Harmon emailed

various Third Circuit executives and clerks a "Motion to Withdraw Appointed Counsel if Case Settlement Is Not an Option," which was entered on the docket a few days later. Doc. 24. She took such action without notice to her appointed *pro bono* counsel. Ms. Harmon stated that she was "concerned regarding what appears to be impropriety and open partiality at the hands of court personnel presiding over this case." *Id.* at 1. She also asserted that her appointed *pro bono* counsel "is being unknowingly used to carry on a well-organized criminal crime spree that is being allowed to exist[] in this case by the court"—and repeated similar assertions throughout her motion. *Id.* at 3. Furthermore, she selectively quoted from the engagement letter provided to her by *pro bono* counsel and attached a copy of the letter to her motion, without notice to *pro* bono counsel. Furthermore, she requested that the Third Circuit grant her motion for summary judgment, which was determined to be premature below. *Id.*

These unfortunate actions—and others[1]—form the basis of *pro bono* counsel's motion for leave to withdraw. To the extent that an attorney-

---

[1] In order to properly protect the limited attorney-client privilege that exists for a prospective client, *pro bono* counsel is not providing details of other existing grounds that support this motion. While counsel believes

2

client relationship exists here, as Ms. Harmon has not signed the engagement letter, an irreparable injury to the relationship already exists that warrants withdrawal. While the undersigned *pro bono* counsel regrets that this point has been reached, the relief herein is not inconsistent with the relief requested in Ms. Harmon's motion. For the foregoing reasons, Court should grant *pro bono* counsel's motion for leave to withdraw.

### ARGUMENT

The decision to allow counsel to withdraw rests with the "sound discretion" of the Court, *Enno v. VBit Technologies Corp.*, 2023 WL 2589213, at *1 (E.D. Pa. 2023), and must be supported by "good cause." *Chandler v. La-Z-Boy, Inc.*, 621 F. Supp. 3d 568, 573 (E.D. Pa. 2022). In exercising that discretion, the Court considers the applicable rules of professional conduct. *See id.* Pennsylvania Rule of Professional Conduct 1.16(b) allows attorneys to withdraw as counsel where, among other reasons, the representation "has been rendered unreasonably difficult by the client," or where the client takes action "with which the lawyer has a

---

that the grounds provided herein are sufficient to rule on the present motion, should the Court disagree, *pro bono* counsel is prepared to provide that additional information on an *ex parte* basis and under seal.

fundamental disagreement." Each of these reasons provides an independent basis for granting *pro bono* counsel's motion for leave to withdraw.

*First*, Ms. Harmon's recent course of action has made the representation "unreasonably difficult" such that withdrawal is warranted. *See* PA Rule of Prof'l Conduct R. 1.16(b)(6). Courts within this Circuit have recognized this basis as good cause for withdrawal. *See Enno*, 2023 WL 2589213, at *1; *Chandler*, 621 F. Supp. 3d at 573*; Ludwig v. Speedway LLC*, 2021 WL 2223833, at *2 (E.D. Pa. 2021). Here, despite an initial telephonic conversation and multiple email exchanges with counsel, Ms. Harmon filed her own motion to withdraw counsel for her appeal without providing any notice to the counsel appointed to assist with that appeal. Despite counsel's best efforts to advise Ms. Harmon, her decision to continue acting as her own counsel has made—and will continue to make—the representation unreasonably difficult.

Furthermore, Ms. Harmon's decision to attach a copy of the engagement letter to her public filing and refer to on-going discussions with her appointed counsel raises significant concerns about the stability of the attorney-client relationship, to the extent one exists. Even if Ms.

Harmon wanted to pursue the appeal—and her motion demonstrates that she does not want to do so—the "attorney client relationship has broken down such that [*pro bono* counsel] will not be able to provide the advocacy demanded by the rules of professional conduct." *Tyler v. U.S. Airways, Inc.*, 2014 WL 543550, at *1 (E.D. Pa. 2014).

*Second*, Ms. Harmon has taken several actions for which *pro bono* counsel have a "fundamental disagreement," warranting withdrawal. *See* PA Rule of Prof'l Conduct R. 1.16(b)(4). Courts within this Circuiit have recognized this basis as good cause for withdrawal. *See Tyler*, 2014 WL 543550, at *1; *Reigle v. Reish*, 2013 WL 4502104, at *4 (M.D. Pa. 2013). Here, for example, Ms. Harmon has suggested that *pro bono* counsel was appointed so that they can be "unknowingly used to carry on a well-organized criminal crime spree that is being allowed to exist[] in this case by the court." Doc. 24 at 3. While counsel recognizes and appreciates Ms. Harmon's frustration with the history of litigation in Delaware state court and federal court regarding her Rehoboth Beath property, there is simply no truth to or evidence of her assertion that counsel would be "support[ing] criminal activity." *See id.* at 2. Unfounded allegations of criminal activity by counsel undermine a core

5

pillar of the attorney-client relationship—trust between client and lawyer.

Without waiver of any applicable privilege, *pro bono* counsel respectfully submits that other fundamental disagreements exist regarding the matters that are appropriate to present to this Court at this time. These fundamental disagreements "about the course of the litigation" that may raise concerns about "violat[ing] ... Court orders and directives [are] sufficient to permit the withdrawal." *Beaver Res. Corp. v. Brawand*, 2014 WL 4217756, at *5 (W.D. Pa. 2014), *aff'd,* 618 F. App'x 736 (3d Cir. 2015).

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests that the Court grant *pro bono* counsel's motion for leave to withdraw.

Dated: November 2, 2023

          Respectfully Submitted,

          /s/ *Benjamin R. Barnett*
          Benjamin R. Barnett
          Michael A. Fazio
          *Pro Bono* Counsel
          DECHERT LLP
          Cira Centre

2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2023, I caused the foregoing Pro Bono Counsel's Motion for Leave to Withdraw to be filed through the Third Circuit CM/ECF system, which automatically served all parties entitled to service.

Date: November 2, 2023

/s/ *Michael A. Fazio*
Benjamin R. Barnett
Michael A. Fazio
*Pro Bono* Counsel
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
ben.barnett@dechert.com
michael.fazio@dechert.com